UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-MJ-07084 SPM |
| | ) | |
| JONATHAN DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

SUPPLEMENTAL MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its Attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jennifer Szczucinski, Assistant United States Attorneys for said District, and moves the Court to order the Defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of the Defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, §3141, et seq.

As and for its grounds, the United States of America states as follows:

1.     A complaint has been filed against the Defendant charging him with one count  of a Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951.  Accordingly, a rebuttable presumption arises pursuant to Title 18, United States Code, Section 3142(e)(3) that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

2.     Under the Bail Reform Act of 1984, 18 U.S.C. §3142(e), a defendant may be  detained without bail prior to trial where, after a hearing, a judicial officer finds that the government has shown by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community.  In the alternative, the government may show by a preponderance of the evidence that the defendant is a flight risk such that no condition or set of

conditions will reasonably assure the defendant's appearance.  *See* 18 U.S.C. § 3142(c), (e)-(f); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citing *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc))); *United States v. Dorsey*, 852 F.2d 1068 (8th Cir. 1988); *United States v. Lewis*, 676 F. Supp. 1008, 1018 (E.D. Mo. 1991); *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987).  The Bail Reform Act describes the factors to be considered in determining whether the required conditions of release exist.  18 U.S.C. § 3142(g).  The Court is directed to take into consideration the available information concerning:

(1)     the nature and circumstances of the offense charged, including whether the offense is a crime of violence…or involves a…firearm, explosive, or destructive devise;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including --

(A)     his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)     whether, at the time of the current offense and arrest, he was on probation, on parole, or other     release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release…*Id.*

## THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

3.     According to the Berkeley Police Department, on January 23, 2021,   at approximately 12:30am, the Berkeley Police Department was notified of an armed robbery that had just occurred at a Steak N' Shake restaurant, located at 9550 Natural Bridge Road, Berkeley, Missouri 63134.  Berkeley Police Department officers were told that employee R.P. was sitting in

the back office of the restaurant talking to another employee.  The restaurant had just closed and R.P. and was getting ready to prepare bank deposits.    As R.P. was talking to the other employee, the Defendant, a former employee, entered the back office.  The Defendant held a gun to R.P.'s neck and demanded money from the safe, as demonstrated by the following photo, taken from the surveillance video:



4.      The Berkeley Police Department report further reflects that R.P. complied with the Defendant's demands and gave the Defendant three plastic deposit bags containing United States currency and loose United States currency from the cash register drawer.  After obtaining the United States currency, the Defendant fled through the back door of the restaurant.  Both R.P. and the other employee who witnessed the armed robbery identified the Defendant as the gunman. According to R.P., the Defendant had worked at the restaurant for approximately eighteen months and had ended his employment approximately two months prior to January 23, 2021.  R.P. subsequently identified the Defendant in a photographic line-up.

## **THE WEIGHT OF THE EVIDENCE**

5.      The weight of the evidence against the Defendant is strong.  Among other things, it consists of store employees identifying the Defendant by name to law enforcement, as they were acquainted with him as a former co-worker.  Further, one of the store employees also identified

the Defendant in a photographic lineup.  The evidence strongly indicates the Defendant is guilty of the crime charged and thus, should be detained awaiting trial.

## THE HISTORY AND CHARACTER OF THE DEFENDANT

6.    The Defendant's criminal history reflects that while he does not have any felony convictions, he is currently on bond in Cause No. 19SL-CR06804.  In that case, the Defendant is charged with one count of Burglary in the Second Degree, three counts of Stealing a Firearm, and one count of felony Stealing.  Court records reflect that the Defendant violated the conditions of his bond by failing to appear to obtain a GPS monitoring bracelet within 48 hours following his release.  In fact, the Defendant waited almost two months to comply with said condition of bond. Further, court records reflect that, while on bond, the Defendant has been charged with several criminal municipal violations, including possession of marijuana and destruction of private property.

## DANGER TO OTHERS AND THE COMMUNITY

7.    The Defendant is a danger to the community.  Danger to the community may be established by presenting "significant evidence linking [a defendant] to the violent crime for which he was [charged]" *Abad*, 350 F.3d at 797 (citing *Mercedes*, 254 F.3d at 435, 438).  Strong evidence exists that the Defendant committed a violent robbery.    Additionally, the Defendant is a danger to the community, as he is charged in a separate case with burglary and stealing firearms.

## FLIGHT RISK

8.    The Defendant is a flight risk.  He is facing substantial prison time, which provides provides an overwhelming incentive to flee to avoid prosecution.  *See United States v. Arndt*, 329 F. Supp. 2d 182, 199 (D. Mass. 2004) (facing lengthy term of imprisonment is in itself an incentive to flee).  *United States v. El-Gabrowny*, 35 F.3d 63, 65 (2d Cir. 1994) (no constitutional violation in long pretrial detention where prospect of lengthy term in prison provides great incentive to flee); *United States v. Gonzalez*, 995 F. Supp. 1299, 1303 (D. N.M. 1998); *United States v. Nichols*, 897

F. Supp. 542, 547 (W.D. Okla. 1995) (prospect of lengthy prison term, life imprisonment, or death penalty provides defendant with great incentive to flee).

9.        Further, the Defendant's criminal history indicates he has a history of violating the conditions of his bond by committing new offenses.

10.        Based upon a review of the statutory requirements, there is clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community or other specific persons residing in the community if the Defendant is released. Moreover, those same facts, coupled with the possibility of death or up to life in prison once convicted, establish by a preponderance of the evidence that the Defendant represents a risk of flight.  Detention is appropriate.

WHEREFORE, the United States requests this Court to order the Defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of the Defendant's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


*/s/ Jennifer Szczucinski*
JENNIFER SZCZUCINSKI, #56906MO
Assistant United States Attorney